IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEVON D. GRANT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-1849 |
| | § | |
| WARDEN ROBERT LACIE, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kevon D. Grant (#A59708694) has filed a complaint under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 91 S. Ct. 1999 (1971), concerning the conditions of his confinement at a local immigration detention facility ("Complaint"). At the court's request, Grant has filed a more definite statement of his claims. Because he proceeds in forma pauperis, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii). After reviewing all of the pleadings as required, the court will dismiss this action for the reasons explained below.

I. **Background**

When Grant filed this lawsuit he was in custody of a private contractor, the Corrections Corporation of America ("CCA"), as an immigration detainee awaiting removal from the United States.[1] Grant sues Robert Lacie, who is employed as warden of the immigration detention facility operated by CCA.

The Complaint stems from an incident that occurred at the immigration detention facility on May 16, 2015. Grant was exercising on an elliptical machine at the facility recreation area when it suddenly "sped away."[2] When Grant attempted to get off the elliptical machine, he lost his balance and his left leg "got jammed up" in the "cross bars" of the machine.[3] Grant estimates that he was stuck in the machine for approximately thirty minutes.[4]

Grant was taken to the detention facility medical department and treated by a physician's assistant.[5] According to medical records provided by Grant, the physician's assistant noted that Grant was able to place weight on his left extremity.[6] Grant was

---

[1] The record reflects that Grant was deported to Jamaica sometime after this lawsuit was filed.

[2] Plaintiff More Definite Statement, Docket Entry No. 11, p. 2.

[3] Id.

[4] Id.

[5] Id.

[6] Progress Note, attached to Complaint, Docket Entry No. 1-2, p. 1.

given pain medication (Ibuprofen) for an unspecified "left leg injury" and he was also prescribed "ice, elevation and crutches."[7]

Grant was not seen in the medical department again until May 21, 2015.[8] On that occasion Grant was examined by a registered nurse.[9] Grant reported feeling pain and numbness from below the left knee area down to his foot.[10] He was also described as "upset" that all he was given was Ibuprofen for pain.[11] The nurse observed that Grant was "in no acute distress" and that there was "no swelling" or "redness" in his left leg.[12] The nurse scheduled Grant to be seen the next day for further evaluation.[13]

The following day Grant was treated at a local emergency room, where an x-ray disclosed "[n]o acute fracture or dislocation" and "[n]ormal bony alignment."[14] Grant was diagnosed with a "foot sprain and strain" and prescribed Ibuprofen for pain, range-of-motion exercises, and "warm moist heat daily."[15]

---

[7] Id. at 2.

[8] Id. at 3.

[9] Id.

[10] Id.

[11] Id.

[12] Id. at 4.

[13] Id.

[14] Memorial Hermann Healthcare System (Final Report), attached to Complaint, Docket Entry No. 1-1, p. 2.

[15] Progress Note, attached to Complaint, Docket Entry No. 1-2, p. 7.

In his pending Complaint Grant contends that Warden Lacie was "negligent" and is therefore liable under <u>Bivens</u> because he failed to ensure that safety standards were met or that "safety signs" were posted to notify detainees of the risk posed by the elliptical machine.[16] Grant contends further that he received inadequate medical attention in violation of the Eighth Amendment on May 16, 2015, because the pain medication he was given (Ibuprofen) "did not stop the pain."[17] Grant seeks $20,000.00 in monetary damages for the violation of his constitutional rights.[18]

## II. Discussion

Grant has filed this suit against Warden Lacie under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 91 S. Ct. 1999 (1971), alleging violations of his constitutional rights. "Under <u>Bivens</u> a person may sue a federal agent for money damages when the federal agent has allegedly violated that person's constitutional rights." <u>Brown v. Nationsbank Corp.</u>, 188 F.3d 579, 590 (5th Cir. 1999) (citation omitted). <u>Bivens</u> actions, however, may not be brought against private corporations. See <u>Correctional Services Corp. v. Malesko</u>, 122 S. Ct. 515, 517 (2001) (holding that no action lies under <u>Bivens</u> against a private corporation operating a halfway house under contract with the Bureau of Prisons).

---

[16] Complaint, Docket Entry No. 1, pp. 2, 3.

[17] <u>Id.</u> at 3.

[18] <u>Id.</u> at 5.

Additionally, the Supreme Court has refused to imply a remedy under Bivens against personnel at a privately operated federal prison where state tort law provides an adequate alternative remedy. See Minneci v. Pollard, 132 S. Ct. 617, 626 (2012).

Because Lacie is employed by CCA, which is a private contractor, he cannot be held liable under Bivens if Texas provides an adequate alternative remedy for his claims. See id. As noted above, Grant contends that Lacie is liable for negligence because the elliptical machine at the detention center was unsafe.[19] Grant alleges further that employees of the privately operated detention center denied him adequate medical care by not prescribing stronger pain medication. The Supreme Court specifically noted in Minneci that Texas state law "imposes general tort duties of reasonable care (including medical care) on prison employees." 132 S. Ct. at 624-25 (citing Salazar v. Collins, 255 S.W.3d 191, 198-200 (Tex. App. — Waco 2008, no pet)). Although Grant characterizes his claims as constitutional violations, "[s]tate-law remedies and a

---

[19]Grant attempts to characterize this claim as a violation of the Fifth Amendment Due Process and Equal Protection Clauses. Complaint, Docket Entry No. 1, p. 3. He does not allege facts showing that either provision applies. Instead, he appears to allege a state law claim of negligence. As a state law claim, allegations of negligence are not actionable under Bivens. See Daniels v. Williams, 106 S. Ct. 662, 663 (1986) (holding that negligence is not cognizable under § 1983); Humphries v. Various Federal USINS Employees, 164 F.3d 936, 951 (5th Cir. 1999) (providing that in order to prevail in any Bivens action, [claimants] must both prove a deliberate abuse of governmental power rather than mere negligence). Accordingly, Grant's allegation of negligence does not state a claim under Bivens for this additional reason.

potential Bivens remedy need not be perfectly congruent." Minneci, 132 S. Ct. at 625. Because Texas provides an adequate alternative remedy for his claims of negligence and inadequate medical care, Grant may not pursue relief under Bivens. See Minneci, 132 S. Ct. at 626. Accordingly, Grant's Complaint will be dismissed for failure to state a claim upon which relief may be granted.

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** that the plaintiff's Complaint (Docket Entry No. 1) is **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

**The Clerk of Court is directed to provide a copy of this Memorandum Opinion and Order to the parties.**

**SIGNED** at Houston, Texas, on this 12th day of August, 2015.

SIM LAKE
UNITED STATES DISTRICT JUDGE